UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | |
|---|---|
| **RYAN DELBAGGIO** and **ALYSSSA DELBAGGIO**, <br><br> Plaintiffs, <br><br> vs. <br><br> **TIM ALBRIGHT, NORTHLAND PROPERTIES LLC**, and **NORTHWOOD DEVELOPMENT CO., INC.**, <br> Defendants. | Case No. 3:23-cv-131 <br><br> Hon. |

Briar Siljander (PA 327132)
TRIO LAW PLC
Attorney for Plaintiffs
376 Beach Farm Cir. #1269
Highland, MI 48356
(248) 529-6730
briar@triolawplc.com

## COMPLAINT

Plaintiffs, Ryan DelBaggio and Alyssa DelBaggio, by and through their counsel, Trio Law PLC, file this Complaint against Defendants, Timothy Albright, Northland Properties LLC, and Northwood Development Co., Inc. ("Defendants"), and allege as follows:

## PARTIES

1. Plaintiffs, Ryan DelBaggio and Alyssa DelBaggio ("Plaintiffs"), are individuals domiciled in Blair County, Pennsylvania.

2. Defendant Timothy Albright ("Albright") is an individual not domiciled in Pennsylvania and is, upon information and belief, residing in Wake County, North Carolina.

3. Defendant, Northland Properties LLC ("Northland") is a Pennsylvania limited liability company wholly owned by Albright. Northland operates its business in Pennsylvania.

4. Defendant, Northwood Development Co., Inc. ("Northwood"), is a corporation incorporated in the state of Connecticut, with its principal place of business in Hartford County, Connecticut.

## VENUE

5. Plaintiffs incorporate the allegations contained in the preceding paragraphs as if fully restated herein.

6. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as Plaintiffs are citizens of Pennsylvania, Albright is a citizen of North Carolina, and Northwood is incorporated in Connecticut.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this Complaint occurred in Blair County, Pennsylvania.

## STATEMENT OF FACTS

8. Plaintiffs incorporate the allegations contained in the preceding paragraphs as if fully restated herein.

9. Plaintiffs own the home located at 804 Highland Dr., Tyrone Pennsylvania (the "Home").

10. Under Pennsylvania's Home Improvement Consumer Protection Act ("HICPA"), 73 P.S. § 517.2, a "contractor" is any person who owns and operates a home improvement business or who undertakes, offers to undertake, or agrees to perform any home improvement.

11. Defendants are each contractors as defined by HICPA.

12. Tim is the sole owner of the construction companies, Northland and Northwood.

13. In January 2022, Plaintiffs and Defendants agreed that Defendants would perform a substantial remodel of the Home.

14. Defendants began to remodel the Home prior to formalizing an agreement.

15. Defendants requested and received payments of approximately $23,700.

16. On or about March 9, 2022, Defendants finally sent Plaintiffs a full construction proposal ("Proposal") outlining the remainder of work to be completed for a price of $189,000, less the $23,700 already paid by Plaintiffs.

17. Defendants promised that work would be completed in "a timely manner." *Ex. 1, Proposal*.

18. The Proposal outlined Plaintiffs' previous payments to Defendants in the amount of $21,000.00, a deposit paid to Defendants in the amount of $60,000.00, and the purchases of miscellaneous materials by Plaintiffs in the amount of $2,700.00.

19. Defendants provided Plaintiffs a copy of the Certificate of Liability Insurance for Northland and Northwood dated January 14, 2022.

20. Defendants agreed to have work completed by June 2022.

21. Plaintiffs accepted the Proposal, creating a binding contract with Defendants.

22. Defendants continued the remodel of the Home under the Proposal.

23. Plaintiffs fulfilled all of their obligations and made all payments required under the Proposal.

24. During the remodel, Plaintiffs notified Defendants of deficient and inferior work numerous times.

25. Defendants failed to cure their inferior work or complete the work as contracted.

26. Defendants failed to respond to Plaintiffs' repeated inquiries and text messages.

27. Defendants finally responded months later, apologizing and asking for understanding.

28. However, Defendants have failed to return to complete work under the Proposal and correct defective work.

29. As a result of Defendants' incomplete and defective work, Plaintiffs were forced to hire additional contractors and pay for additional materials to complete the work in the Proposal.

30. In total, to date Plaintiffs expended $189,014.79 above the contracted-for amount of $189,000 to nearly complete the project agreed to in the Proposal.

## COUNT I
## BREACH OF CONTRACT

31. Plaintiffs incorporate the allegations contained in the preceding paragraphs as if fully restated herein.

32. Plaintiffs accepted Defendants' offer to perform the work under the Proposal on approximately March 9, 2022, creating a binding contract.

33. Defendants breached the Proposal by performing defective work and ceasing performance under the Proposal.

34. Plaintiffs provided Defendants an opportunity to cure their breach.

35. Defendants failed to cure.

36. As a result, Plaintiffs had to hire additional contractors to complete the Proposal and redo defective work of Defendants.

37. Plaintiffs expended a total of $346,242.29 to complete all work under the Proposal – to date, $189,014.79 more than agreed to under the Proposal.

38. Due to Defendants' breach of contract, Plaintiffs have been injured in an amount of $189,014.79, plus attorney fees and costs.

## COUNT II
## VIOLATION OF THE PENNSYLVANIA HOME IMPROVEMENT CONSUMER PROTECTION ACT AND PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

39. Plaintiffs incorporate the allegations contained in the preceding paragraphs as if fully restated herein.

40. Defendants are contractors who were hired to complete a home improvement project for Plaintiffs.

41. Defendants performed home improvements, as the term is defined by HICPA, at Plaintiffs' home for which Defendants charged Plaintiffs $189,000.

42. Defendants did not register as contractors in Pennsylvania, in violation of HICPA.

43. Defendants violated HICPA by failing to provide proof of registration and a registration number on the proposal for work to be completed for Plaintiffs.

44. Defendants violated HICPA by failing to provide a contract that contained an approximate completion date, instead just indicating work would be done "in a timely manner."

45. Defendants provided shoddy, subpar, and unsafe work, including failing to provide proper framing and support for both the front and back porches, improperly performing electrical work, and improperly performing plumbing work.

46. Defendants failed to complete the home improvements promised to Plaintiffs.

47. The work performed by Defendants was poor, improper, and left in an unworkmanlike manner.

48. Based on Defendants' failures, Plaintiffs were required to obtain a new contractor to fix work previously completed and complete Plaintiffs remodel.

49. Defendants made false and misleading statements to induce, encourage, and solicit Plaintiffs to agree to the Proposal, including by stating all work would be promptly completed in a workmanlike manner.

50. Defendants also received advance payments for performing home improvement services and failed to perform or provide such services when specified in the Proposal.

51. Defendants' conduct violates Sections 517.3, 517.6, 517.7, and 517.8 of HICPA.

52. Under HICPA Section 517.10, a violation of HICPA is a *per se* violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201-1 *et seq.* ("UTPCPL").

53. Under the UTPCPL, 73 P.S. Section 201-9.2(a), any person who suffers a personal loss by any act declared unlawful may bring a private action for actual damages, and the court may award damages up to three times the actual damages sustained, in addition to costs and attorney fees.

54. Defendants' actions were in violation of 73 P.S. Section 201-2(4)(v), in that Defendants represented a service had characteristics it did not have; (vii) represented a service was of a particular quality which it was not; and (xvi) made repairs or improvements to Plaintiffs' home of a nature or quality inferior to or below the standard agreed to.

55. Contracts for home improvement services have an implied warranty that work is performed in a reasonably workmanlike manner and the home is fit for habitation.

56. Defendants breached the warranty of habitability implied by law as the result of their subpar performance and in their nonperformance of many of the aspects of their agreement.

57. Defendants made false and misleading statements of fact concerning the quality and workmanship of its services and resulting products.

58. Plaintiffs paid a total of $346,242.29 to have all work under the Proposal completed in a workmanlike manner, $189,014.79 more than the Proposal amount.

59. Plaintiffs are entitled to treble damages in the amount of $567,044.37 plus attorney fees and costs as provided by the UTPCPL.

**PRAYER FOR RELIEF**

**WHEREFORE, PLAINTIFF REQUESTS** that this Honorable Court enter a judgment against the Defendants, jointly and severally, for:

A. Damages of $189,014.79 for breach of contract; and

B. Damages, including treble damages of $378,029.58, for a total of $567,044.37, plus attorney fees and costs incurred by Plaintiffs in bringing this action, for Defendants' violations of the UTPCPL; and

C. Any other relief this Court deems just and proper.

Respectfully Submitted,
**TRIO LAW PLC**

*/s/ Briar Siljander*
Briar Siljander (PA 327132)
376 Beach Farm Cir. #1269
Highland, MI 48356
(248) 529-6730
briar@triolawplc.com

Dated: June 20, 2023